# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DOROTHY JOHNSON,**

        **Plaintiff,**

**-vs-**                                            **Case No. 6:06-cv-934-Orl-28DAB**

**ORLANDO REGIONAL HEALTHCARE SYSTEM, CHRISTINA NICHOLSON,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES AND MOTION FOR SANCTIONS (Doc. No. 19)
>
> **FILED:** July 2, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

The motion contends that Plaintiff failed to serve any response to the Request for Production of Documents and failed to serve complete answers to Interrogatories. Plaintiff has filed *four* responses (Doc. Nos. 20-23), some of which appear to be answers to Interrogatories and Request to Produce (unsigned and unsworn), and a memorandum.

Initially, the Court notes that according to the records of the Clerk, counsel for Plaintiff is *not* a member of the bar of this Court. Unless and until counsel becomes a member of the bar, she is not

authorized to appear on Plaintiff's behalf. Local Rule 2.01. Counsel's unfamiliarity with the Local Rules is not limited to her failure to comply with the admission requirement. The docket reveals numerous Orders to Show Cause for failure to adhere to the rules (Doc. Nos. 4, 5, 14) and the Court has stricken papers filed inappropriately (Doc. No. 18).

The instant responses are also a testament to counsel's unfamiliarity with the Court's electronic filing system, as counsel first filed a response without the required signature (Doc. No. 20), then filed a "response" which appears to be unsworn, unsigned Amended Interrogatory answers (containing private identifying information such as Plaintiff's social security number which violates the privacy protection rule requiring redacted filings- Administrative Procedures for Electronic Filing in Civil and Criminal Cases, II. (I)) (Doc. No. 21), another "response" consisting solely of an unsigned response to the Request for Production (Doc. No. 22), and a copy of the originally filed response, erroneously docketed by counsel as a "counter motion" (Doc. No. 23). [1] Under the circumstances, **counsel may make no further filings on behalf of Plaintiff or any other litigant until she becomes a member of the bar of this Court *AND* attends a CMECF training course**. To the extent she may have already attended a training course, she must attend **another.** Counsel is advised that membership in this bar presumes a working knowledge of the Federal Rules of Civil Procedure and the Local Rules of this Court and she should not seek membership unless she is prepared to comply with both.

On the merits, the "response" indicates that "Plaintiff has attempted to comply in good faith at all times" but Plaintiff is in Tallahassee and counsel "did not expect to be served with discovery

---

[1] This has been corrected by the Clerk and the "motion" has been terminated.

at the case management conference." Plaintiff requests that no attorney fees be awarded "based on cases in this District and circuit" that conduct must be deliberate and willful. Counsel then proceeds to cite a case from the Southern District of New York and the 9th Circuit Court of Appeals. Counsel then adds: "Additionally, a plaintiff cannot be sanctioned if the information would lead to charges which defendant's counsel implied with the background check, as being violative of any self-incrimination rights." The Court is unpersuaded.

Setting aside counsel's "surprise" that Defendant would want discovery, and her apparent difficulty with geography, the reference to "charges" and "self-incrimination" reflects a misunderstanding of the nature of this suit. This is a *civil* suit brought by *Plaintiff.* To the extent Plaintiff is saying that she intends to refuse to answer questions about her claim by relying on her Fifth Amendment privilege, such is her right (if warranted, which is not apparent here) but exercise of that right is not without consequences. A general assertion, as made here, is not effective to excuse non-response to discovery.

The motion is therefore **granted**. Plaintiff is **ordered** to serve **signed, sworn** (where appropriate) and **complete** discovery responses to Defendants within 11 days of the date of this Order. The matter of sanctions is **reserved** until the conclusion of the case.

**DONE** and **ORDERED** in Orlando, Florida on July 18, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record